UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN J. BENTON JR. | § | |
| REVOCABLE TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-01546 |
| | § | |
| LEXINGTON INSURANCE COMPANY *et* | § | |
| *al.*, | § | |
| | | |

Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

### I.    INTRODUCTION

Pending before the Court is the plaintiff's, Herman J. Benton Jr. Recovable Trust (the "plaintiff"), motion to remand (Dkt. No. 4).  The defendant, Lexington Insurance Company ("Lexington"), has filed a response in opposition to the plaintiff's motion (Dkt. No. 8).  Having carefully considered the motion, response, the pleadings and the applicable law, the Court is of the opinion that the plaintiff's motion to remand should be GRANTED.  The above-styled and numbered civil action is, therefore, REMANDED,  pursuant to 28 U.S.C. § 1447(c), to the 189th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2012-20734.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, a resident of Harris County, Texas, is the owner of a business owner's insurance policy (the "Policy") issued by Lexington, insuring the real property located at 6706 Wagonwheel, Houston, Harris County, Texas (the "property").  On or about July 25, 2011, the plaintiff's property was substantially damaged by a wind storm.

Shortly after the storm, the plaintiff filed a claim against the policy for damage to the interior, exterior, roof and other structures.  The plaintiff requested that Lexington cover the cost of repairs to the property pursuant to the Policy.  Lexington assigned York Risk Services Group, Inc. ("York") to adjust the plaintiff's claim.  York then assigned Shawn Bickett ("Bickett") to adjust the claim.  The plaintiff contends that Lexington, York and Bickett wrongfully denied, undervalued and delayed its claim for property repairs.

On April 10, 2012, the plaintiff filed an action in the 189th Judicial District Court of Harris County, Texas, against Lexington, York and Bickett (collectively, the "defendants"), alleging that its claim for repairs of the property was improperly handled, underestimated, and wrongfully denied.  Specifically, the plaintiff alleges causes of action against the defendants jointly for unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, violations of the Deceptive Trade Practices Act, common law fraud and punitive damages.  As to Lexington only, it alleges causes of action for breach of contract and breach of the duty of good faith and fair dealing.

Lexington, pursuant to 28 U.S.C. § 1446(a), subsequently removed the instant action to this Court on the basis of diversity jurisdiction, asserting that Bickett, a non-diverse defendant, had been improperly joined as a defendant in this action.  The plaintiff, in response on June 20, 2012, filed the instant motion to remand, alleging that removal of this case was improper in that Bickett was not improperly joined as a defendant in this action and complete diversity of citizenship is non-existent among the parties.  Accordingly, the plaintiff urges this Court to remand the instant action to the state court in which it was originally filed.

III.    **CONTENTIONS OF THE PARTIES**

   A.    **The Plaintiff's Contentions**

The plaintiff asserts that removal of this case is improper because the Court lacks subject matter jurisdiction over this action.  It argues that the Court lacks subject matter jurisdiction over this action because complete diversity of citizenship does not exist among the parties.  It maintains that Bickett, a Texas resident, is a properly joined defendant in this case because the facts alleged against him are sufficient to state a viable claim against him.  It further contends that Lexington's contention that Bickett was added to this lawsuit solely for the purpose of depriving this Court of federal jurisdiction is without merit.  Accordingly, it avers that Lexington has failed to meet its burden and this case should be remanded to the state court in which it was originally filed.

   B.    **Lexington's Contentions**

Lexington argues that removal of the instant action to federal court was proper because Bickett has been improperly joined.  Lexington also maintains that there is no reasonable basis for predicting that the plaintiff can recover against Bickett given the lack of specific facts giving rise to and supporting its causes of action against him.  Lexington further avers that the plaintiff's factual allegations against Bickett are insufficient to state a viable claim against him.  Specifically, with respect to the plaintiff's causes of action under the Texas Insurance Code, Lexington contends that its allegations are conclusory and constitute nothing more than a verbatim recitation of the statutory language contained in the Texas Insurance Code.  As to the plaintiff's fraud cause of action, Lexington contends that the plaintiff has failed to plead its claims with sufficient particularity.  Consequently, Lexington argues that Bickett has been improperly joined in this lawsuit for the sole purpose of defeating diversity and depriving it of its

right to a federal forum.  Thus, it contends that this Court should disregard Bickett's citizenship for purposes of determining diversity jurisdiction and deny the plaintiff's motion to remand.

## IV.   STANDARD OF REVIEW

The applicable statute provides two grounds for remand:  (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).  Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a).  "It is well-established that the diversity statute requires 'complete diversity' of citizenship:  A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).  Nevertheless, the burden of establishing fraudulent or improper joinder

4

rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Johnson is a Texas resident, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 - 309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted).  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Id.*; *Guillory*, 434 F.3d at 309.  In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."  *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309.  This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49).  The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction."  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## V.    ANALYSIS AND DISCUSSION

The plaintiff maintains that remand in this case is appropriate because complete diversity of citizenship is non-existent among the parties.  The parties do not dispute that the amount in controversy has been satisfied or that the plaintiff and Bickett are Texas residents.  Thus, absent a showing that Bickett was improperly joined, subject matter jurisdiction in this case is lacking. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08.  Accordingly, here, the improper joinder issue turns on whether the plaintiff can establish *any potentially* viable state-law cause of action against Bickett.

In this case, Lexington does not contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. *See, e. g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999)).   It contends, rather, that the plaintiff has failed to offer any specific facts in support of its claims against Bickett and its failure to proffer any actionable facts related to Bickett's conduct constitutes a failure to state a claim.   As a consequence, it argues that there is no reasonable possibility of recovery against Bickett based on the facts alleged by the plaintiff in its petition.   This Court disagrees.

The Fifth Circuit, in *Smallwood*, sanctioned a Rule 12(b)(6)-type assessment as the preferred method for determining a plaintiff's possibility of recovery under state law.  *Smallwood*, 385 F.3d at 573.   Under this type of inquiry, a petition "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 – 65, 167 L. Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).   "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ."  *Id.* (internal citations omitted).

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Bickett, was a "person" engaged in the insurance business with respect to the plaintiff's claims against him.  *See Garrison Contractors*,

966 S.W.2d at 487 (reasoning that "section 16 of Article 21.21[1] provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F. Supp.2d 643, 648 (S.D. Tex. 2002) (noting that "[a]lthough the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims.")   In this case, it is undisputed that Bickett adjusted the plaintiff's claim on Lexington and/or York's behalf.  As the adjuster, Bickett was tasked with the responsibility of evaluating the plaintiff's claim in terms of legitimacy and value.  Accordingly, Bickett is a "person" subject to liability under Chapter 541 of the Texas Insurance Code since claims adjusters qualify as "persons" engaged in the business of insurance.  *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007)

Next, the Court must determine whether the plaintiff has alleged *any potentially* viable causes of action against Bickett as a result of his work as an adjuster on its claim.  The Fifth Circuit has explained, however, that to establish a reasonable possibility that a Texas state court would permit recovery against an employee-adjuster for claims alleged under the Texas Insurance Code, the plaintiff must demonstrate that "the employee, *himself*, committed a violation that caused the harm.  *Hornbuckle*, 385 F.3d at 545.  Particularly, in its Original Petition, the plaintiff alleges that Bickett, as claims adjuster, committed the following unfair settlement practices in violation of § 541.060 of the Tex. Ins. Code:

> 5.2    failed to attempt to effectuate a prompt, fair and equitable settlement of a claim with respect to which liability has become reasonably clear;

---

[1] ¨Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive."  *Garrison Contractors*, 966 S.W.2d at 484 (citing Tex. Ins. Code art. 21.21  § 16(a)).  Article 21.21 has since been repealed.  The pertinent parts of § 16 are currently codified at § 541.060 of the Tex. Ins. Code.

5.3    failed to adopt and implement reasonable standards for prompt investigation of claims . . . . ;

5.4    failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim;

5.5    refused to pay a claim without conducting a reasonable investigation with respect to the claim;

5.6    misrepresented the insurance policy under which it affords property coverage to [the plaintiff], by making an untrue statement of material fact;

5.7    misrepresented the insurance policy under which it affords property coverage to [the plaintiff], by failing to state a material fact that is necessary to make other statements made not misleading;

5.8    misrepresented the insurance policy under which it affords property coverage to [the plaintiff], by making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed . . . . ;

5.9    knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness or deception of the foregoing acts and practices . . . .

(Dkt. No. 1, Ex. 5C at p. 5 - 6.).  Finally, the plaintiff avers that as a result of the defendants' acts and/or omissions, it has sustained damages.  *Id.* at p. 10.

In sum, the plaintiff alleges in its petition that:  (1) its property was damaged as a result of a wind storm; (2) the property was insured at all material times hereto under a Policy issued by Lexington; (3) Lexington and/or York assigned Bickett to adjust its claim and inspect its property; and (4) Bickett allegedly mishandled the claim, by *inter alia*, failing to fulfill his duties in the manner prescribed by the Texas Insurance Code, including misrepresenting the extent of the Policy's coverage, failing to attempt a fair settlement, failing to explain Lexington's reasons for offering an inadequate settlement, underestimating damages and/or denying payment.  Based on these allegations, the plaintiff alleges that Bickett's conduct amounts to violations of the Texas Insurance Code for which he can be held personally liable.

When resolving all factual disputes and ambiguities in the plaintiff's favor as this Court is required to do, the Court determines that the plaintiff's assertions tend to suggest that Bickett, while acting as a "person" engaged in the business of insurance, performed and/or contributed in some way to Lexington and/or York's investigation and/or decision relative to the plaintiff's claim.  Assuming such, Bickett could *potentially* be held personally liable to the plaintiff under § 541.060 of the Texas Insurance Code.[2]  Indeed, while the facts presented do not indisputably establish that Texas law will impose liability on Bickett for the causes of action alleged, the plaintiff is not required to make such a showing at this stage of the litigation.  Instead, it is Lexington's heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against Bickett individually.  Lexington has provided this Court with no such evidence from which it could forecast that the plaintiff has no reasonable possibility of recovery against Bickett in state court.  For these reasons, the Court finds that Lexington has not satisfied its burden of establishing that Bickett was improperly joined in this lawsuit and remand is, therefore, warranted.

## VI.   CONCLUSION

Because Lexington has not shown that there exists *no reasonable possibility* that the plaintiff could establish a cause of action against Bickett under the Texas Insurance Code, the Court concludes that it has not met its heavy burden of demonstrating improper joinder on the facts alleged in this case.  In light of the foregoing, the shared citizenship of Bickett and the plaintiff defeats diversity and prevents this Court from exercising jurisdiction over the instant action.  Accordingly, the plaintiff's motion to remand is GRANTED.  This civil action is hereby

---

[2] Since the Court finds that a possibility exists that the plaintiff may be able to maintain a cause of action against Bickett under the Texas Insurance Code, it does not consider whether the plaintiff has alleged actionable facts against Bickett on its remaining claims.

remanded, pursuant to 28 U.S.C. § 1447(c), to the 189th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2012-20734.

It is so ORDERED.

SIGNED at Houston, Texas this 31st day of August, 2012.

Kenneth M. Hoyt
United States District Judge